### GEORGE SHORT V. THE STATE.

No. 21803. Delivered December 17, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile upon a public highway while intoxicated. The punishment assessed is confinement in the county jail for a period of thirty days and a fine of $50.00.

The State's evidence shows that on or about the 26th day of February, 1941, appellant, while intoxicated, drove an automobile along and upon the streets of the City of San Angelo. He took the witness stand and denied that he was drunk. He admitted, however, that he fell asleep upon the steering wheel of his car while he was driving upon the streets of said city, but claimed that this was due to six capsules of amytal which he took during the course of a few hours prior to the time of his arrest. He called a number of witnesses who testified that they had seen him and conversed with him on the afternoon in question; that they did not smell any odor of beer upon his breath, nor did he say or do anything which indicated that he

was intoxicated. He proved by a barber that he took three capsules of amytal while in the barber shop. He also proved by a druggist and a doctor the effect of amytal upon human beings.

It will be noted from the foregoing statement of the evidence that whether appellant was drunk from the use of amytal or intoxicating liquor was an issue of fact which the jury decided adversely to him.

Appellant complains of the action of the trial court in overruling his second motion for a continuance based on the absence of Mrs. Barela who was ill and confined at her home. This application was contested on the ground that the absent witness, although ill, could safely be brought into the court room to testify. The court overruled the application, ordered an attachment for the witness, and the sheriff brought her into court where she testified on behalf of appellant. It is obvious that since appellant had the benefit of her testimony no injury resulted to him. We overrule his contention because it is without merit. See Campbell v. State, 62 Tex. Cr. R. 561 (564) where the court made a similar order and ruling.

By Bill of Exception No. 2 appellant complains of the following interrogatory propounded to M. L. Berry by the District Attorney in the development of the State's case:

"From your experience and observation, do you think you are qualified to tell when a man is under the influence of intoxicating liquor?"

Appellant objected to the question on the ground that it called for an opinion and conclusion; that it had not been shown that the witness was qualified to express an opinion. This bill is qualified by the court who states in his qualification thereof that the witness had previously testified that in the past eight or ten year he had handled a lot of people who were under the influence of intoxicating liquors; that he could tell when a man is under the influence of intoxicating liquor. Furthermore, the record shows that the witness had theretofore stated that appellant was "all lolled back in the seat" and when he took appellant out of the car he smelled the odor of beer upon him; that he was "rather wobbly" on his feet, was unsteady and "talked thick-tongued." Under the circumstances, it is our opinion that the witness could give his opinion as to

appellant's intoxicated condition, especially after having stated the facts upon which he based his opinion.

Bill of Exception No. 3 complains of the action of the court in permitting Mr. Butts, the deputy sheriff, to testify that the defendant was "pretty drunk" at the time in question, to which testimony appellant objected upon the same grounds as stated in his Bill No. 1. This bill is also qualified by the trial court in a manner which shows the witness qualified to testify on the issue, and as thus qualified, it fails to reflect any error.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

The matters called to our attention in the motion have been noticed and properly disposed of in our orginal opinion, so we think, and we see no reason in further writing upon them.

The motion will therefore be overruled.